**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **-v-**

**11-CR-151-A**

**ALEJANDRO NAVARRO-GONZALEZ,**
                  **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Alejandro Navarro-Gonzalez ("the defendant"), is charged in a Superseding Indictment, along with a number of co-defendants, with having violated Title 21, U.S.C. § 846 (Count 24) (narcotics conspiracy) and Title 18, U.S.C. § 924(c)(1) (Count 25) (possession of firearms in furtherance of a drug trafficking crime).  Dkt. #87.  Presently pending is the defendant's omnibus discovery motion.  Dkt. #213.  The government filed opposition to the instant motion.  Dkt. #243.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

In response to the defendant's request for a detailed bill of particulars, the government states that defendant's request for particularization should be denied

because it is nothing more than an attempt by the defendant to preview the government's evidence. Indeed, the government further states, "[t]he specific allegations contained in the indictment, coupled with the voluminous discovery previously provided, more than adequately apprises each of the defendants of the nature of the charges pending against them, thereby enabling them to prepare for trial." Dkt. #243, p.3. Finally, the government argues that the broad categories of information for which the defendant is seeking particularization has already been provided through discovery, can be ascertained from reading the Superseding Indictment or which will be provided pursuant to the District Court's standard pretrial order requiring the government to submit a trial memorandum, witness list, expert summaries, exhibit lists and *Jencks* Act material. *Id.* at p.6.

The defendant's request is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied,* 415 U.S. 985 (1974); *Wong Tai v. United States,* 273 U.S. 77 (1927). The charges in Counts 24 and 25 of the Superseding Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."

> *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

**Rule 12(b)(4) Notice**

By his motion, the defendant requests immediate disclosure by the government of a notice setting forth any evidence which the defendant may be entitled to discover under Rule 16 which the government intends to use at trial.  Dkt. #213, p.7. In its response, the government specifies that,

> [s]ince the date of the Indictment, the United States has complied, and intends to continue to comply, with the requirements of Rule 16. To that end, the United States has provided comprehensive voluntary discovery, including surveillance reports, search warrant photos, search warrants, laboratory reports, FBI 302s relating to surveillance and arrest of the

> defendant and his co-defendants, transcripts, photographs of narcotics purchases, statements of the co-defendants, redacted statements of some government witnesses, redacted photo array identifications, numerous crime scene photos, crime scene reports, firearm reports, NIBIN ballistic reports, MYSPACE photos, audio and transcripts of jail recordings of co-defendants.  Additionally, all physical evidence recovered in connection with this investigation is, and has been, available for inspection by the defendant's attorney.

Dkt. #243, pp.11-12.  Moreover, the government further states, "[t]he government herein notifies the defendant that it intends to introduce all of this evidence at trial pursuant to Rule 12(b)(4)."  *Id.* at p.12.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Disclosure Of Evidence Pursuant To Rules 404(b), 608 And 609**

In response to the defendant's request for the disclosure of 403, 404(b), 608 and 609 evidence, the government states that the defendant is in possession of, or will be provided with his updated criminal history and he is fully aware of his past criminal conduct. Dkt. #243, p.16.  Furthermore, "the government hereby advises the defendant that it will seek to introduce all evidence which he was provided, or made aware of, during the course of litigation regarding 12-CR-157-A in accordance with Fed.R.Evid. 404(b)."  *Id.* at p.17 (internal citation omitted). In addition, the government "preliminarily notifies the defendant that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs for the purpose of showing proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident."  *Id.*  Finally, the government noted that it "will provide

the defendants with more definitive notice of its intent to rely on 404(b) evidence when directed by the trial judge, or during trial if the trial judge excuses pretrial notice on good cause shown." *Id.* at p.18.

Rule 404(b) of the Federal Rules of Evidence only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's request on this issue is denied as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

Rule 608 of the Federal Rules of Evidence does not contain a required pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is denied.

**Preservation of Rough Notes**

By this request, the defendant seeks an Order from this Court directing the government that rough notes of agents be preserved.  Dkt. #213, p.8.  In its response,

the government states that it, "has no objection to the request that government agents retain notes taken during the investigation of this case." Dkt. #243, p.18.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

### *Brady* and *Giglio* Material

The government has stated that it believes it is complying with its obligations to provide potentially exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has further stated that it is unaware of any *Brady* material related to this defendant. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa,* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa,* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule

26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Joinder**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #213, p.10. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Motion for Severance**

By this request, defendant Alejandro Navarro-Gonzalez seeks to reserve his right to seek severance from his co-defendants. A Decision and Order on a motion to sever is left to the discretion of the District Judge to whom this case is assigned, District Judge Richard J. Arcara.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:    July 28, 2014
         Buffalo, New York

>                               *s/ H. Kenneth Schroeder, Jr.*
>                               **H. KENNETH SCHROEDER, JR.**
>                               **United States Magistrate Judge**