UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                         Petitioner,        Case # 11-CR-151
                                              # 19-CV-502

v.                                                             DECISION AND ORDER

ALEJANDRO NAVARRO-GONZALEZ,
                        Respondent.

The Petitioner Alejandro Navarro-Gonzalez ("Petitioner"), has filed a *pro se* petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of imprisonment for conspiracy to distribute 100 grams or more of heroin. ECF No. 1009.[1] Petitioner contends that his conviction must be corrected on the grounds that trial counsel violated his Sixth Amendment right to counsel by providing him with ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

For the reasons set forth below, the motion is DENIED.

## BACKGROUND

On December 15, 2015, Petitioner pled guilty to conspiracy to distribute 100 grams or more of heroin pursuant to a written agreement. *See* ECF No. 1015-1; 1015-2. In the plea, Petitioner agreed to a sentencing range with a term of imprisonment of 120 months and a period of supervised release of eight years, ECF No. 1015-1 at ¶ 10, not to advocate or recommend the application of any other guideline, *id.* at ¶ 11, that the Court was not bound to accept any sentence contained in the agreement, *id.* at ¶ 12, and that the Petitioner was not entitled to withdraw the plea of guilty

---

[1] All ECF citations refer to the filings under case number 11-cr-151.

based on the sentence imposed. *Id.* Petitioner also acknowledged that he was waiving his right to appeal or collaterally attack the sentence. *See* ECF No. 1015-2 at 14-6.[2]

Meanwhile in case number 12-cr-157, a jury convicted Petitioner of possession of one kilogram or more of heroin with intent to distribute. Prior to sentencing in 11-cr-151 as well as in case number 12-cr-157, information establishing Petitioner's qualifying drug conviction under 21 U.S.C. § 851 was filed. ECF No. 657. Petitioner acknowledged at the plea hearing that he understood that his prior felony drug conviction subjected him to enhanced penalties. ECF No. 1015-2 at 8.

On September 9, 2016, Petitioner was sentenced—in both case number 11-cr-151, and in case number 12-cr-157. *See* ECF No. 1015-4.[3] Specifically, he was sentenced to a period of 240 months in case number 11-cr-151, and 252 months on Count One and 240 months on Count Two in case number 12-cr-157. All counts were set to run concurrently. *Id.* at 15-6. He was also sentenced to eight years of supervised released in case number 11-cr-151 and ten years supervised release on Count One and three years on Count Two in case number 12-cr-157. *Id.* at 16.

Petitioner filed a Notice of Appeal for both cases on October 31, 2016. ECF No. 884. On appeal, Petitioner argued that: (1) the district court should have granted his motion to suppress the statements that he made at the time of his arrest and evidence seized during the search of his storage locker; (2) one of the witness's testimony should have been deemed inadmissible under the Federal Rules of Evidence, Rule 404(b); (3) his guilty plea in case number 11-cr-151 was invalid because he was not properly informed of the mandatory minimum; (4) he received ineffective assistance of counsel; and (5) his prior conviction for attempted criminal possession of a controlled substance

---

[2] Page number citations refer to CM/ECF page numbering.

[3] Page number citations refer to CM/ECF page numbering

in the fourth degree could not trigger increased mandatory minimums under 21 U.S.C. § 841. *See* ECF No. 999. On June 28, 2018, the Second Circuit affirmed this Court's orders. *See id.*

On April 17, 2019, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective for failing to object to the application of his state court offense as a felony drug offense for sentencing purposes. ECF No. 1009. Respondent, after seeking an extension of time to respond, ECF No. 1013, filed a response on July 8, 2019. ECF No. 1015. On August 12, 2019, Petitioner replied. ECF No. 1021.

## DISCUSSION

A prisoner in federal custody may move to vacate, set aside, or correct his sentence only where the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To prevail under § 2255, a defendant must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted). Additionally, "[i]t is well settled law that § 2255 cannot . . . be employed to relitigate questions which were raised and considered on the appeal." *Castellana v. United States*, 378 F.2d 231, 233 (2d Cir. 1967) (citations omitted).

Petitioner is proceeding *pro se*. The Court must therefore construe his pleadings liberally and in a way that raises the strongest arguments the pleadings suggest. *See, e.g.*, *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008). To the extent possible, the Court assesses Petitioner's motion in this context.

I.     **PETITIONER WAIVED HIS RIGHT TO ATTACK HIS SENTENCE**

As an initial matter, "[a] waiver of a right to appeal or collaterally attack a sentence in a valid plea agreement is enforceable. *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005). . . . A defendant who received the benefit of a plea agreement and knowingly and voluntarily waived their right to attack a certain sentence may not appeal the merits of the sentence; to allow him to do so would undermine the plea bargaining process. *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993)." *Odiana v. United States*, 499 F. Supp. 2d 196, 199 (N.D.N.Y. 2007).

Indeed, here, Petitioner's plea agreement specifically states,

> The defendant, [] knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court . . . The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

ECF No. 1015-1 at ¶ 17. Moreover, at the plea hearing, Petitioner explicitly acknowledged that he understood his waiver of appeal and it was noted on the record what would occur if the Sentencing Reform Bill of 2015 was passed. ECF No. 1015-2 at 15-6. It was also made clear that although Petitioner was waiving his right to argue or collaterally attack the sentence on the plea, he was not waiving his right to argue that the sentence on the plea in this case should run concurrently with the sentence imposed in case number 12-cr-157. *Id.* at 16.

The Second Circuit has found that a petitioner knowingly and voluntarily waives his right to appeal and collaterally attack his sentence where he signed a plea agreement that included a waiver, stated to the judge that he understood the plea agreement, and did not claim in his § 2255 motion that he did not understand the waiver contained in his plea agreement. *See Garcia-Santos*

4

*v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). Here, as in *Garcia-Santos*, Petitioner has not claimed that he did not understand the waiver, and therefore, he has knowingly and voluntarily entered into the waiver. Accordingly, Petitioner waived his right to attack his sentence and his Petition under 28 U.S.C. § 2255 may be dismissed on this ground alone.

Still, the Second Circuit has held that a waiver of a right to attack a sentence contained in a plea can be voided where a petitioner alleges that the process by which he waived his right was deficient. *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). In other words, Petitioner can challenge the waiver if he alleges that counsel was ineffective in reaching the agreement that formed the waiver. *Id.* at 114. Petitioner is not alleging his counsel was ineffective in negotiating the plea agreement or in including a waiver in the plea agreement, instead, Petitioner's ineffective assistance of counsel claim is based on his counsel not making the argument that he claims would have led to a lesser sentence. In other words, Petitioner is not attacking the creation of the plea agreement, but rather is attacking the resulting sentence. Thus, the Court cannot void the waiver and allow this collateral attack.

Even if Petitioner did not waive the ability to collaterally attack his sentence, the Court finds that Petitioner's claim nevertheless fails on the merits.

## II.   PETITIONER'S UNDERLYING CLAIM LACKS MERIT

In his motion to vacate, Petitioner asserts that his right to effective assistance of counsel was violated due to counsel's failure to object to the Court's application of Petitioner's previous conviction of attempted criminal possession in the fourth degree, New York Penal Law § 220.09, as a felony drug offense for purposes of sentencing.

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), demonstrating that: (1)

counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result. *See also Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011). It is well-settled that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *DeLuca v. Lord*, 77 F.3d 578, 588 (2d Cir. 1996) (quoting *Strickland*, 466 U.S. at 690). It is equally well-settled that the "[f]ailure to make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (alteration in original) (additional citations omitted). Finally, the Second Circuit normally "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003). Petitioner cannot do so here.

As an initial matter, the Second Circuit previously rejected Petitioner's claim that his prior conviction for attempted criminal possession of a controlled substance in the fourth degree was not a felony drug offense. Indeed, the Second Circuit held that, "[a]n attempt to commit [criminal possession of a controlled substance in the fourth degree] falls within the [Controlled Substances Act]'s definition of a felony drug offense because it is a Class D felony under New York law, [N.Y. Penal Law] § 110.05(4), which is punishable by at least one year of imprisonment, *id.* § 70.00(3)(b)." ECF No. 999 at 8. Thus, the mandatory minimums under 21 U.S.C. § 841 were applicable. It is well-settled that Section 2255 cannot be employed to relitigate claims that were raised and considered on direct appeal. *See Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992); *see also Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986). Therefore, to the extent Petitioner is attempting to re-assert this same claim, it is denied on this ground.

Even assuming Petitioner is claiming counsel failed to raise an argument similar to *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), the claim still fails. "The Sixth Amendment does not require counsel to forecast changes or advances in the law." *Lilly v. Gilmore*, 988 F.2d 783,

6

786 (7th Cir. 1993); *see also United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir. 2001) (attorney not ineffective for failing to make a motion where no circuit had held such a motion to be valid); *Pena v. United States*, No. 00-CR-36, 2005 WL 1176073, at *6 (S.D.N.Y. May 18, 2005) ("[C]ounsel is not ineffective for failing to forecast changes in the law.") (collecting cases). Therefore, counsel cannot be deemed ineffective for failing to challenge the reliance on the underlying state offense for purposes of sentencing.

Moreover, contrary to Petitioner's belief, *Townsend* does not aid Petitioner for purposes of resentencing. The Court in *Townsend* dealt with the sale of controlled substances under New York Penal Law § 220.31, which provides that, "[a] person is guilty of criminal sale of a controlled substance in the fifth degree when he knowingly and unlawfully sells a controlled substance." N.Y. Penal Law § 220.31. Thus, the Second Circuit's analysis in *Townsend* turned on the question of whether, for the application of a predicate offense in sentencing, the definition of "controlled substances" in the prior state conviction includes only substances controlled by federal law or if it also includes substances regulated by state but not federal law. *See Townsend*, 897 F.3d at 68, 74-5. In other words, the Second Circuit focused on whether the state's definition of controlled substance in the underlying statute for which defendant was convicted punished conduct broader than that of federal law, which, if so, would render reliance on that underlying conviction as a predicate offense for federal sentencing improper. *Id.*

Here, however, Petitioner was convicted of attempted criminal possession of a controlled substance under New York Penal Law § 220.09, which prohibits possession of several specific substances.[4] Because the applicability of § 220.09 does not turn on the definition of "controlled

---

[4] N.Y. Penal Law § 220.09 provides:

A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses:

7

substance," the *Townsend* analysis is inapposite here. *See Warren v. United States*, No. 18-CV-6552 (CS), 16-CR-361 (CS), 2019 WL 5150781, at *2 (S.D.N.Y. Apr. 3, 2019) (petitioner's counsel was not deemed ineffective for failing to assert a *Townsend*-type argument where petitioner's underlying offense did not turn on the definition of "controlled substance," but rather prohibited the sale of various specified substances). In any event, Petitioner does not indicate what

---

1. one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more; or

2. one or more preparations, compounds, mixtures or substances containing methamphetamine, its salts, isomers or salts of isomers and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more; or

3. one or more preparations, compounds, mixtures or substances containing a narcotic preparation and said preparations, compounds, mixtures or substances are of an aggregate weight of two ounces or more; or

4. a stimulant and said stimulant weighs one gram or more; or

5. lysergic acid diethylamide and said lysergic acid diethylamide weighs one milligram or more; or

6. a hallucinogen and said hallucinogen weighs one gram or more; or

7. a hallucinogenic substance and said hallucinogenic substance weighs one gram or more; or

8. a dangerous depressant and such dangerous depressant weighs ten ounces or more; or

9. a depressant and such depressant weighs two pounds or more; or

10. one or more preparations, compounds, mixtures or substances containing concentrated cannabis as defined in paragraph (a) of subdivision four of section thirty-three hundred two of the public health law and said preparations, compounds, mixtures or substances are of an aggregate weight of one ounce or more; or

11. phencyclidine and said phencyclidine weighs two hundred fifty milligrams or more; or

12. methadone and said methadone weighs three hundred sixty milligrams or more; or

13. phencyclidine and said phencyclidine weighs fifty milligrams or more with intent to sell it and has previously been convicted of an offense defined in this article or the attempt to conspiracy to commit any such offense; or

14. ketamine and said ketamine weighs four thousand milligrams or more; or

15. one or more preparations, compounds, mixtures or substances containing gamma hydroxybutyric acid, as defined in paragraph four of subdivision (e) of schedule I of section thirty-three hundred six of the public health law, and said preparations, compounds, mixtures or substances are of an aggregate weight of two hundred grams or more.

substance, if any, is included as punishable under the state definition of controlled substance but not the federal definition, and that such substance is a predicate for criminal possession of a controlled substance under Penal Law § 220.09.

Therefore, even if counsel could have been expected to foresee *Townsend*, counsel's performance was not deficient because a *Townsend*-type argument would not have succeeded in Petitioner's case. Nor could the failure to have raised a meritless argument have prejudiced Petitioner.

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion, ECF No. 1009, is **DENIED**. Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, Federal Rule of Appellate Procedure 4(a) governs the time to appeal, and a timely notice of appeal must be filed even though the Court declined to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: March 22, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court